THE STATE OF OHIO, APPELLEE, *v.*
RUST, APPELLANT.

(No. 1856—Decided March 21, 1984.)

*Mr. James A. Berry,* prosecuting attorney, and *Mr. James W. Skogstrom,* for appellee.

*Mr. Stephen E. Schutte,* for appellant.

BROGAN, P.J. Appellant, James Yates Rust, Jr., appeals from his conviction in the Clark County Court of Common Pleas for aggravated robbery in violation of R.C. 2911.01(A) and unlawful possession of a dangerous ordnance in violation of R.C. 2923.17. Appellant was sentenced by the trial court to a term of actual incarceration of three years to be served consecutively with, and prior to, indeterminate terms of seven to twenty-five years on the aggravated robbery conviction and two to five years on the unlawful possession of a dangerous ordnance conviction. The indeterminate sentences were imposed consecutively and all sentences were to be served in the Ohio State Penitentiary. Appellant appeals citing one assignment of error:

"The court erred in imposing a three-year term of actual incarceration by virtue of R.C. 2929.71 upon the conviction of complicity to aggravated robbery insofar as appellant did not actually possess the firearm upon which the enhanced sentence was based."

On March 2, 1983, at about 9:40 p.m., appellant and another man, who appellant refused to identify, pulled their automobile up near the Big Bear Supermarket in Springfield, Ohio. The unidentified man entered the store and armed with a handgun robbed the store of approximately $1200. Francis Hogue, the store manager, observed the appellant, acting as a "lookout," in the parking lot. He described how the gunman calmly walked up to the store and met the appellant in the parking lot. Hogue described how he had sounded the police alarm and how he had told the police when they arrived that there were two individuals involved in the robbery.

Officer Van Geondoff, a police officer with the Springfield Police Department, described how he responded to the alarm that an armed robbery was in progress at the Big Bear Supermarket at 9:40 p.m. on March 2. He stated that upon reaching the robbery scene, he saw a man exit the supermarket and confer with another man in the parking lot. The men met some ten or fifteen feet outside the main entrance to the market; when they saw his marked cruiser, they began running. Officer Geondoff stated the appellant began running and clutching something under his jacket. He stated that when appellant ran into an extended chain and fell, he jumped on the appellant and subdued him. Officer Geondoff discovered a loaded sawed-off shotgun between appellant's legs.

Officer John Conway, a police officer with the Springfield Police, testified he also responded to the robbery alarm and assisted in apprehending the appellant. He recovered two twenty-gauge shotgun shells from appellant's breast jacket pocket.

The unidentified accomplice was not apprehended. Appellant refused to identify him. He admitted at trial to possession of the weapon but denied complicity in the aggravated robbery.

The aggravated robbery indictment included a "specification" under R.C.

2929.71 charging the offender with having a firearm on or about his person or under his control while committing aggravated robbery. R.C. 2929.71 provided at the time pertinent:

"(A)  The court shall impose a term of actual incarceration of three years in addition to imposing a life sentence for aggravated murder or an indefinite term of imprisonment pursuant to section 2929.02 or 2929.11 of the Revised Code, if both of the following apply:

"(1)  The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code or *a felony for which a term of actual incarceration can be imposed pursuant to division (B) of this section;*

"(2)  *The offender is also convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony.* The additional term of actual incarceration shall be served consecutively with, and prior to, the life sentence or the indefinite term of imprisonment. If an offender is convicted of, or pleads guilty to, two or more felonies for which a term of actual incarceration must be imposed under this division and of a separate specification for each felony charging him with having a firearm on or about his person or under his control while committing the felony, all of the terms of actual incarceration for all of the felonies shall be served consecutively and prior to any of the life sentences or indefinite terms of imprisonment imposed for the felonies.

"(B)  The court shall impose a term of actual incarceration of three years in addition to imposing an indefinite term of imprisonment pursuant to section 2929.11 of the Revised Code *if the offender is convicted of, or pleads guilty to,* *a violation of division (A)(2) of section 2903.11 or 2903.12, division (A)(1) of Section 2911.01, division (A)(2) of section 2911.11, or division (A)(3) of section 2917.02 of the Revised Code for which violation the use of a firearm, or the offender's having a firearm on or about his person or under his control, is an element of the offense.* The additional term of actual incarceration shall be served consecutively with, and prior to, the indefinite term of imprisonment. * * *" (Emphasis added.)

The appellant was convicted by jury of the aggravated robbery. It is clear that appellant was convicted as an aider and abettor to the charge. Appellant was also found guilty of the specification under R.C. 2929.71(A)(2). Appellant contends that the legislature did not intend the "penalty enhancement statute" to apply to aiders and abettors. We fail to glean such intention from the statute. The statute clearly states the term of actual incarceration shall be imposed upon a person convicted of aggravated robbery and of the specification of having a firearm on or about his person or control while committing the felony. The evidence clearly indicates appellant was armed with a firearm at the time of the offense. The statute does not exempt aiders and abettors from its coverage. Indeed, R.C. 2923.03 provides that an "aider and abettor" shall be prosecuted and *punished* as if he were a principal offender. There being no ambiguity in that statute, we need not apply the "strict construction" mandates of R.C. 2901.04(A). The assignment of error is without merit.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

KERNS and WEBER, JJ., concur.